**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JASON CORBETT SANDERS, | § | |
| (TDCJ #1637868) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4635 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**ORDER TO TRANSFER**

Jason Corbett Sanders, a Texas state inmate, has filed this action under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state-court conviction. For reasons set out below, the court concludes this case must be transferred.

Sanders was convicted of criminal solicitation of murder in the 286th District Court of Hockley County, Texas, and sentenced to a 17-year prison term. He is currently confined at the Ramsey Unit in Rosharon, Texas, which is in Brazoria County. According to the statute that controls jurisdiction in this instance, the Houston Division is not the proper place for this action.

Because Sanders is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is governed by 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

. . .

The Fifth Circuit has clarified that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) in the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Thus, the only two factors that are relevant for purposes of federal habeas corpus review are the place of the petitioner's original state-court criminal conviction and the place of the petitioner's ongoing incarceration. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002).

Hockley County, where the challenged conviction was entered, is located in the Northern District of Texas, Lubbock Division. *See* 28 U.S.C. § 124(a)(7). Brazoria County, where Sanders is currently confined, is located in the Southern District of Texas, Galveston Division. *See id.* § 124(b)(1). Because neither the place of Sanders's state-court conviction nor the place of his ongoing confinement lies within the Southern District, Houston Division, this court has no jurisdiction over the pending habeas corpus petition.[1]

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is policy in the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where

---

[1]Although the statute speaks only to districts, the Fifth Circuit has extended the rule found in § 2241(d) to divisions within the same district as well. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).

2

the conviction was entered).   Because the state-court conviction at issue in this case was entered in the Northern District of Texas, Lubbock Division, the petition will be transferred to that venue in compliance with Southern District policy.

The Clerk of Court will transfer this habeas corpus proceeding to the United States District Court for the Northern District of Texas, Lubbock Division.

SIGNED on December 10, 2018, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge